THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**RENEE GALLOWAY**, *et al.*,

        Plaintiffs,

v.   Civil Action No. 3:18-cv-00406-REP

**BIG PICTURE LOANS, LLC**, *et al.*,

        Defendants.

## TRIBAL DEFENDANTS' MEMORANDUM RELATED TO ECF NO. 197 REGARDING SEALED EXHIBITS

In response to the Court's April 15, 2019 Order (ECF No. 197), Defendants Big Picture Loans, LLC ("Big Picture"), and Ascension Technologies, LLC ("Ascension") (collectively, the Tribal Defendants),[1] respond as follows.

## BACKGROUND

On March 22, 2019, Plaintiffs filed their Proposed Second Amended Class Action Compliant adding five new plaintiffs and eighteen new defendants. (ECF No. 186.) The Tribal Defendants response to Plaintiff's motion for leave to file those amended allegations will be filed by April 19, 2019. (ECF No. 202.) However, before that response is due, the Court has ordered "the defendants (who are already named as defendants in this case)"[2] to file a memorandum by

---

[1] *See Williams v. Big Picture Loans, LLC*, 329 F. Supp. 3d 248, 258 (E.D. Va. 2018) ("Big Picture was formed 'as a wholly owned and operated instrumentality of the Tribe,'" and "Ascension was created "as a wholly owned and operated instrumentality of the Tribe."); *see also id.* at 272 ("Big Picture and Ascension were both organized through resolutions by the LVD Council, which was itself exercising the power given to it by the LVD Constitution, and the entities operated pursuant to the Tribe's Business Ordinance.").

[2] The Order errs in that it identifies Justin Martorello, Brian McFadden, James Dowd, Simon Liang, and Eventide Credit Acquisitions, LLC as "defendants [who are already named as defendants in this case.]" The only named defendants in this case are Big Picture Loans, LLC; Ascension Technologies, LLC; and Matt Martorello. (ECF No. 30.)

April 15, 2019 "explaining why it is appropriate to seal any of the twenty (20) exhibits attached" to the Proposed Second Amended Class Complaint.  (ECF No. 197.)

With their Proposed Second Amended Class Action Compliant, Plaintiffs attached nineteen exhibits.[3]  Of the nineteen exhibits: ten are supplied by Martorello; one is supplied by Rosette, LLP, in response to a subpoena in *Williams*; two are supplied by Phenomenon Marketing & Entertainment, LLC, in response to a subpoena in *Williams*; four were supplied by the Tribal Defendants during jurisdictional discovery in *Williams v. Big Picture Loans, LLC, et al*, No. 3:17-cv-461 (ED VA June 22, 2017); and, two do not have BATES stamps.[4]

## ARGUMENT

With respect to the four documents supplied by the Tribal Defendants during jurisdictional discovery that are attached as Exhibits to the Proposed Second Amended Class Complaint, the Tribal Defendants state as follows:

**Exhibit No. 4, identified by BATES No. LVD-DEF00018126 to 00018132.**  This document was supplied by the Tribal Defendants during jurisdictional discovery in *Williams*, and designated as confidential according to the Court's protective order.  (ECF No. 18.)  The document was used by Plaintiffs as an exhibit to their Memorandum in Opposition to Defendants Big Picture Loans, LLC and Ascension Technologies, [LLC's] Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 83-7 and 91-5.)  The Court granted the Plaintiffs' motion to seal.  (ECF No. 107.)

The Court reviewed the confidentially designation of this document again after it issued its Memorandum Opinion under seal, and subsequently ordered that the Tribal Defendants "request

---

[3] For this reason, the Court's reference to "twenty" exhibits appears to be a typographical error.

[4] Exhibit 13 is purportedly a spreadsheet that claims to show "Eventide Distribution Calc"; Exhibit 16 is purportedly an undated letter from Ascension to "Big Picture Investors."

that certain documents referenced therein remain under seal when the Opinion is filed publicly." (ECF No. 131.)  On July 17, 2018, the Tribal Defendants responded to the Court's instructions, and on July 25, 2018, the Court wholly adopted the Tribal Defendants positions on what to keep sealed, what to keep redacted, and what to wholly unseal.  (ECF No. 143.)  In that order, the Court ordered that ECF No. 83-7 (filed as Exhibit 4 with the Proposed Second Amended Class Action Compliant) shall retain redactions.

Consistent with the Court's original Order to seal the document (ECF No. 107) and the Court's second order to allow the document to retain certain redactions after *in camera* review of the document in its entirety and proposed redactions (ECF No. 143), the Tribal Defendants request that the Court continue to keep the document protected consistent with the redactions that were made and reflected in ECF No. 143.

**Exhibit No. 10, identified by BATES No. LVD-DEF00002881 to 00002883.**  This document was filed in *Williams* with Defendants Big Picture Loans, LLC and Ascension Technologies, LLC's Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF Nos. 23-32 and 34-8) and by Plaintiffs as an exhibit to their Memorandum in Opposition to Defendants Big Picture Loans, LLC and Ascension Technologies, [LLC's] Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 83-14 and 91-13.)  The document was later wholly unsealed.  (ECF No. 143.)

Consistent with the Court's order to unseal the document after *in camera* review of the document (ECF No. 143), the Tribal Defendants do not contest the unsealing of this document.

**Exhibit No. 11, identified by BATES No. LVD-DEF00002335 to 00002348.**  This document was filed in *Williams* with Defendants Big Picture Loans, LLC and Ascension Technologies, LLC's Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF Nos. 23-22

and 34-4) and by Plaintiffs as an exhibit to their Memorandum in Opposition to Defendants Big Picture Loans, LLC and Ascension Technologies, [LLC's] Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 83-18 and 91-17.) The document was later wholly unsealed. (ECF No. 143.)

Consistent with the Court's order to unseal the document after *in camera* review of the document (ECF No. 143), the Tribal Defendants do not contest the unsealing of this document.

**Exhibit No. 15, identified by BATES No. LVD-DEF00014649 to 00014654.** This document is an agreement between a dissolved non-party and a proposed party that presently lacks standing to defend its position at this time. The document was supplied by the Tribal Defendants during jurisdictional discovery in *Williams*, and has not been used by either party or by the Court in any argument, opinion, or order in that case. It is only supplied to the *Galloway* Plaintiffs by virtue of the Court's order allowing Plaintiffs' counsel access and use of the "jurisdictional discovery completed in" *Williams*, but has not been relied upon by Plaintiffs to oppose immunity in this case. (ECF No. 64.) The Court's order did not authorize Plaintiffs to use the documents supplied during jurisdictional discovery for any and all purposes—only for jurisdictional issues.

In any event, Plaintiffs cite Exhibit 15 one time in the Proposed Second Amended Class Action Compliant, where it is cited without *any substantive link to the allegation made.* (*See* ECF No. 186 ¶ 224.)[5] As used in the proposed allegation, the inclusion of the exhibit is thus superfluous and unnecessary. For that reason, this document should remain under seal.

---

[5] *Compare* Proposed Second Amended Class Action Compliant ¶ 224: ("Prior to December 2015, Amlaur Resources provided a $10,500,000.00 loan to fund the illegal loans.") *with* Ex. 15. In exchange, Amlaur Resources received a fixed return of 30% APR on the invested funds in the enterprise, which was paid via the illegal amounts collected from consumers."

## CONCLUSION

For the reasons stated above, the Tribal Defendants respectfully request that the Court protect the confidentiality of Exhibits 4, 10, and 11 consistent with its previous order, ECF No. 143; and keep Exhibits 15 sealed at this time.

**BIG PICTURE LOANS, LLC, ASCENSION TECHNOLOGIES, LLC**

By: /s/ Timothy J. St. George
Timothy J. St. George
Virginia State Bar No. 77349
David N. Anthony
Virginia State Bar No. 31696
*Counsel for Defendants*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-1254
Facsimile: (804) 698-6013
Email: tim.stgeorge@troutmansanders.com
Email: david.anthony@troutmansanders.com

Justin A. Gray (admitted *pro hac vice*)
Anna M. Bruty (admitted *pro hac vice*)
ROSETTE, LLP
25344 Red Arrow Highway
Mattawan, MI 49071
Telephone: (269) 283-5005
Facsimile: (517) 913-6443
Email: jgray@rosettelaw.com
Email: abruty@rosettelaw.com

38639496