THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

RENEE GALLOWAY, *et al.*,

    Plaintiffs,

v.   Civil Action No. 3:18-cv-00406-REP

BIG PICTURE LOANS, LLC, *et al.*,

    Defendants.

**TRIBAL DEFENDANTS' RESPONSE TO
PLAINTIFFS' RESPONSE TO MARCH 29, 2019
<u>ORDER REGARDING STAY OF PROCEEDINGS (ECF NO. 203)</u>**

On March 29, 2019, the Court issued an order staying proceedings in this matter but required Plaintiffs to "advise the Court of any pending discovery or discovery plans and the Court will consider whether those discovery plains, depositions, or events will be excepted from the reach of the stay." (ECF No. 198.)

On April 5, 2019, Plaintiffs filed a response to the Order (ECF No. 203) requesting that certain discovery be permitted to continue.

For the reasons stated here, the Tribal Defendants,[1] Big Picture Loans, LLC ("Big Picture"), and Ascension Technologies, LLC ("Ascension") respectfully request that the Court adhere to its existing orders on these discrete issues and stay production of the information sought by Plaintiffs as described herein until after any decision on class certification in this matter (*Galloway)* is issued.

---

[1] *See Williams v. Big Picture Loans, LLC*, 329 F. Supp. 3d 248, 258 (E.D. Va. 2018) ("Big Picture was formed 'as a wholly owned and operated instrumentality of the Tribe,'" and "Ascension was created "as a wholly owned and operated instrumentality of the Tribe."); *see also id.* at 272 ("Big Picture and Ascension were both organized through resolutions by the LVD Council, which was itself exercising the power given to it by the LVD Constitution, and the entities operated pursuant to the Tribe's Business Ordinance.").

I.   **Plaintiffs' requests that the Court continue to require TranDotCom Solutions, LLC ("TranDotCom") and Data X, Ltd. ("Data X") to comply with their subpoena.**

On January 9, 2019, in this matter, Plaintiffs served notice of a subpoena to TranDotCom seeking production of Big Picture's consumer loan data. On January 11, 2019, in Plaintiffs' companion case, *Williams v. Big Picture*, LLC, et al., No. 3:17-cv-00461-REP (E.D. Va. June 22, 2017), Plaintiffs' counsel served an identical subpoena to TranDotCom. In circumvention of the express confidentiality restrictions in its agreement with Big Picture, TranDotCom acquiesced to Plaintiffs' entry of an order permitting production of Big Picture's loan data in the *Williams* matter.[2] (ECF Nos. 303,325.) Big Picture argued against the entry of the order. (ECF No. 318.)

The Court heard arguments on February 4, 2019, and ultimately granted the order (ECF No. 416) requiring that as to *Williams,* TranDotCom "segregate and preserve the data that it has agreed to produce . . . so that the data can be produced after the Court decides the pending motion for class certification." *Id.*

On March 4, 2019, Plaintiffs repeated the process undertaken with TranDotCom with their *Williams* subpoena to DataX. (ECF Nos. 392,429.) Big Picture again opposed entry of the order in the *Williams* matter. (ECF No. 420.) The Court entered the order without a hearing, requiring that DataX "segregate[] the requested information and preserve[] it so that it can be produced" if a class is certified as to Defendant Matt Martorello. (ECF No. 440.)

Now, Plaintiffs ask the Court to enforce its orders in the *Williams* matter (ECF Nos. 416, 440), here and require TranDotCom and DataX to preserve Big Picture's consumer loan data for 12 additional states based on their presumption that the Court will grant their Proposed Second Amend Class Complaint. (ECF No. 205.) In light of the stay, the pending motions to dismiss,

---

[2] Plaintiffs misrepresent the proceedings in their response, stating to the Court that they were "forc[ed] to move to compel." (ECF No. 205.)

Plaintiffs' Proposed Second Amended Class Complaint, and the fact that Plaintiffs' requested information relates to class certification, production of information to Plaintiffs would be premature. That extent, Tribal Defendants respectfully request the Court adopt the same ruling as in *Williams* and refrain from imposing any obligations on TranDotCom and Data X to produce information to Plaintiffs until after a class (if any) has been certified in this matter.

## II. Plaintiffs' subpoena to Troutman Sanders.

Plaintiffs previously served a subpoena on Troutman Sanders LLP. At the time of the stay, Troutman Sanders LLP was reviewing documents to determine whether any responsive documents exist. Troutman Sanders LLP has no objection to continuing that process while the Proposed Second Amended Complaint is pending.

## III. Plaintiffs' subpoenas to Simon Liang and Brian McFadden.

Proceedings in Michigan and South Carolina transferred Ascension President Brian McFadden and Ascension Controller Simon Liang's motions to quash to this Court. See *McFadden v. Williams*, Case No. 3:18-mc-00008-REP (ED Va. Feb 11, 2019): *Williams v. Big Picture Loans, LLC*, 3:18-mc-00012-REP (ED Va. Feb 11, 2019.)

On February 11, 2019, in *Williams,* the Court issued identical rulings on McFadden and Liang's motions to quash, holding that McFadden and Liang may be deposed after class certification is decided. *McFadden v. Williams*, Case No. 3:18-mc-00008-REP, ECF No. 23 (ED Va. Feb 11, 2019); *Williams v. Big Picture Loans, LLC*, 3:18-mc-00012-REP, ECF No. 33 (ED Va. Feb 11, 2019.)

The Tribal Defendants respectfully request that the Court remain consistent with its orders in *Williams* when as applied to this matter, and only allow deposition testimony of McFadden and

Liang obtained in *Williams* to be used by Plaintiffs in this matter once the Court's decision on class certification in this case is made.

## CONCLUSION

For the reasons stated above, the Tribal Defendants respectfully request that the prior temporal limitations placed by the Court on the discovery sought above in the *Williams* matter also be issued here, and therefore the above discovery not be produced or made available to Plaintiffs for use in this case until after a class has been certified in this matter.

**BIG PICTURE LOANS, LLC, ASCENSION TECHNOLOGIES, LLC**

By: /s/ Timothy J. St. George
Timothy J. St. George
Virginia State Bar No. 77349
David N. Anthony
Virginia State Bar No. 31696
*Counsel for Defendants*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-1254
Facsimile: (804) 698-6013
Email: tim.stgeorge@troutmansanders.com
Email: david.anthony@troutmansanders.com

Justin A. Gray (admitted *pro hac vice*)
Anna M. Bruty (admitted *pro hac vice*)
ROSETTE, LLP
25344 Red Arrow Highway
Mattawan, MI 49071
Telephone: (269) 283-5005
Facsimile: (517) 913-6443
Email: jgray@rosettelaw.com
Email: abruty@rosettelaw.com