# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Richmond Division

| | |
|---|---|
| RENEE GALLOWAY, DIANNE TURNER, DOMINIQUE DE LA BAY, ANDREA SCARBOROUGH, EARL BROWNE, ROSE MARIE BUCHERT, REGINA NOLTE, KEVIN MINOR, TERESA TITUS, BURRY POUGH, LISA MARTINEZ, SONJI GRANDY, ANASTASIA SHERMAN, JERRY AVENT, LUCINDA GRAY, ANTHONY GREEN, and LINDA MADISON as individuals and as representatives of the classes,<br><br>        Plaintiffs,<br><br>        v.<br><br>BIG PICTURE LOANS, LLC; MATT MARTORELLO; and ASCENSION TECHNOLOGIES, INC.,<br><br>        Defendants. | Case No. 3:18-cv-00406-REP<br><br>**JURY TRIAL DEMANDED** |

## REPLY IN SUPPORT OF PLAINTIFFS' RESPONSE TO MARCH 29, 2019 ORDER REGARDING STAY OF PROCEEDINGS (ECF NO. 203)

Plaintiffs respectfully request that certain limited discovery proceed in this matter while the case is stayed. Specifically, Plaintiffs request that the Court enter an Order:

- Requiring TranDotCom and DataX to sequester and preserve information responsive to Plaintiffs' subpoenas, for production after the stay is lifted;

- Requiring Troutman Sanders to produce documents responsive to Plaintiffs' subpoena by April 30, 2019; and

- Permitting Plaintiffs to update the Court on the status of discovery, including whether additional depositions of Mssrs. Liang and McFadden are needed, after the Court decides Plaintiffs' Motion for Leave to File an Amended Complaint or, in the Alternative, to Amend the Stipulated Protective Order (Dkt. 185).

Dkt. 211 at 3.

The Corporate Defendants object to producing or making available to Plaintiffs any of this discovery until after a class has been certified. Dkt. 211 at 4. This objection should be overruled. The discovery that Plaintiffs request is highly relevant to class certification issues such as class-wide damages. Unlike *Williams*, there is no pending class certification motion here, class certification discovery is still open, and Plaintiffs are still developing evidence to support class certification and to handle any difficulties managing the class action. Because the requested discovery is decidedly relevant to class certification, no reason exists to wait until after a class certification decision to produce it.

### A. TranDotCom and DataX Subpoenas

The Corporate Defendants do not object to requiring TranDotCom and DataX to preserve data responsive to Plaintiffs' subpoena. *See* Dkt. 211 at 3. They only object to the information being produced before a ruling on class certification. *Id.* But the loan-level data that Plaintiffs seek from TranDotCom and DataX is relevant both to the merits of Plaintiffs' claims — i.e. it likely will show that Plaintiffs and class members paid more for their loans than state usury laws allow — and to class certification. For example, the requested data will confirm that the class is ascertainable and that damages can be proven in a straightforward manageable manner.

Plaintiffs do not object to receiving the TranDotCom and DataX after the stay is lifted so long as TranDotCom and DataX confirm that each has sequestered and preserved all information responsive to Plaintiffs' subpoena.

**B.     Troutman Sanders Subpoena**

Troutman Sanders previously agreed to respond to Plaintiffs' subpoena and produce documents by April 30, 2019. In their response, the Corporate Defendants agree that, at the time of the stay, Troutman "was reviewing documents to determine whether any responsive documents exist" and represent that Troutman "has no objection to continuing that process while the Proposed Second Amended Complaint is pending." Dkt. 211 at 3. But it is unclear from this response whether Troutman is agreeing to produce responsive documents or just search for them. No reason exists to delay the production.

*First*, the Troutman subpoena seeks non-privileged information regarding Defendants' unlawful lending scheme that will be relevant to class certification issues. Dkt. 205-3 at 5 (showing Plaintiffs seek from Troutman all communications regarding Bellicose that pre-date its representation of Matt Martorello (or any defendant)). Unlike *Williams*, there is no pending class certification motion in this case. Because the information requested in the subpoena will be relevant to Plaintiffs' future class certification motion, production should not be delayed. Such an outcome is wholly consistent with this Court's ruling in *Williams* where it made sense to defer further discovery until after a class certification decision because, in that case, class certification discovery is closed.

*Second*, Troutman does not object that producing responsive documents would be burdensome. Nor does it identify any other reason for withholding the information. Accordingly,

Plaintiffs request that the Court require Troutman Sanders to honor its previous agreement and produce documents by April 30, 2019.

C. **Liang and McFadden Subpoenas**

Plaintiffs have requested that they be permitted to use any deposition testimony from Mr. Liang and McFadden that was taken in *Williams* during the stay. Defendants again object and request that the Court issue an order preventing Plaintiffs from using the depositions until after class certification. Plaintiffs are willing to wait to use any depositions taken in *Williams*. But it is unreasonable to require them to wait until after class certification, especially considering that their motion for leave to file an amended complaint (Dkt. 185) remains pending. Plaintiffs respectfully request that they be permitted to update the Court on the status of discovery, including whether additional testimony from Mr. Liang and Mr. McFadden is needed, after the Court decides Plaintiffs' motion for leave to amend.

For the above-stated reasons, Plaintiffs respectfully request that the Court enter an Order (1) requiring TranDotCom and DataX to sequester and preserve information responsive to Plaintiffs' subpoena and file declarations within 30 days of the Order's entry confirming that they have done so; (2) requiring Troutman Sanders to produce documents responsive to Plaintiffs' subpoena by April 30, 2019; and (3) permitting Plaintiffs to update the Court on the status of discovery, including whether additional depositions of Mssrs. Liang and McFadden are needed, after the Court decides Plaintiffs' Motion for Leave to File an Amended Complaint or, in the Alternative, to Amend the Stipulated Protective Order (Dkt. 185).

RESPECTFULLY SUBMITTED AND DATED this 22nd day of April, 2019.

CONSUMER LITIGATION ASSOCIATES, P.C.

By: /s/ Leonard A. Bennett, VSB #37523

Leonard A. Bennett, VSB #37523
Email: lenbennett@clalegal.com
Elizabeth W. Hanes, VSB #75574
Email: elizabeth@clalegal.com
Craig C. Marchiando, VSB #89736
Email: craig@clalegal.com
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662

Kristi C. Kelly, VSB #72791
Email: kkelly@kellyandcrandall.com
Andrew J. Guzzo, VSB #82170
Email: aguzzo@kellyandcrandall.com
Casey S. Nash, VSB #84261
Email: casey@kellyandcrandall.com
KELLY & CRANDALL, PLC
3925 Chain Bridge Road, Suite 202
Fairfax, Virginia 22030
Telephone: (703) 424-7572
Facsimile: (703) 591-0167

E. Michelle Drake, *Admitted Pro Hac Vice*
Email: emdrake@bm.net
John G. Albanese, *Admitted Pro Hac Vice*
Email: jalbanese@bm.net
BERGER & MONTAGUE, P.C.
43 SE Main Street, Suite 505
Minneapolis, Minnesota 55414
Telephone: (612) 594-5999
Facsimile: (612) 584-4470

Beth E. Terrell, *Admitted Pro Hac Vice*
Email: bterrell@terrellmarshall.com
Jennifer Rust Murray, *Admitted Pro Hac Vice*
Email: jmurray@terrellmarshall.com
Elizabeth A. Adams, *Admitted Pro Hac Vice*
Email: eadams@terrellmarshall.com
TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

Matthew Wessler, *Admitted Pro Hac Vice*
Email: matt@guptawessler.com

GUPTA WESSLER PLLC
1735 20th Street, NW
Washington, DC 20009
Telephone: (202) 888-1741
Facsimile: (202) 888-7792

*Attorneys for Plaintiffs and Proposed Classes*

CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

David N. Anthony, Virginia State Bar #31696
Timothy J. St. George, Virginia State Bar #77349
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Email: david.anthony@troutmansanders.com
Email: tim.stgeorge@troutmansanders.com

*Attorneys for Defendants*

Hugh M. Fain, III, VSB #26494
M. F. Connell Mullins, Jr., VSB #47213
John M. Erbach, VSB #76695
SPOTTS FAIN PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Email: hfain@spottsfain.com
Email: cmullins@spottsfain.com
Email: jerbach@spottsfain.com

Richard L. Scheff, *Admitted Pro Hac Vice*
Jonathan P. Boughrum, *Admitted Pro Hac Vice*
Michael Christopher Witsch, *Admitted Pro Hac Vice*
ARMSTRONG TEASDALE
One Commerce Square
2005 Market Street, 29th Floor
Philadelphia, Pennsylvania 19102
Email: rscheff@ armstrongteasdale.com
Email: jboughrum@ armstrongteasdale.com
Email: mwitsch@armstrongteasdale.com

Tod Daniel Stephens, *Admitted Pro Hac Vice*
Paul Louis Brusati, *Admitted Pro Hac Vice*
ARMSTRONG TEASDALE
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
Email: tstephens@armstrongteasdale.com
Email:  pbrusati@armstrongteasdale.com

Michelle Lynn Alamo, *Admitted Pro Hac Vice*
Alec Paul Harris, *Admitted Pro Hac Vice*
ARMSTRONG TEASDALE
4643 South Ulster Street, Suite 800
Denver, Colorado 80237
Email: malamo@armstrongteasdale.com
Email: aharris@armstrongteasdale.com

*Attorneys for Defendant Matt Martorello*

Craig T. Merritt, VSB #20281
James E. Moore, VSB # 4526
Shannan M. Fitzgerald, VSB #90712
CHRISTIAN & BARTON, LLP
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Email: cmerritt@cblaw.com
Email: jmoore@cblaw.com
Email: sfitzgerald@cblaw.com
Email: kmueller@cblaw.com

Justin Alexander Gray, *Admitted Pro Hac Vice*
Anna Marek Bruty, *Admitted Pro Hac Vice*
ROSETTE, LLP
44 Grandville Avenue SW, Suite 300
Grand Rapids, Michigan 49503
Email: jgray@rosettelaw.com
Email: abruty@rosettelaw.com

*Attorneys for Defendants Big Picture Loans, LLC and Ascension Technologies, LLC*

DATED this 22nd day of April, 2019.

        CONSUMER LITIGATION ASSOCIATES, P.C.

By: /s/ Leonard A. Bennett, VSB #37523
    Leonard A. Bennett, VSB #37523
    Email: lenbennett@clalegal.com
    763 J. Clyde Morris Boulevard, Suite 1-A
    Newport News, Virginia 23601
    Telephone: (757) 930-3660
    Facsimile: (757) 930-3662

*Attorneys for Plaintiffs and Proposed Classes*