**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

RENEE GALLOWAY, *et al.*,

        Plaintiffs,

v.

BIG PICTURE LOANS, LLC, *et al.*,

        Defendants.

Civil Action No. 3:18-cv-406 (REP)

**MEMORANDUM IN SUPPORT OF MOTION
FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY**

    Plaintiffs, by counsel, pursuant to Local Rule 7(F)(1) respectfully request leave to file supplemental authority related to their (1) Defendant Matt Martorello's Motion to Dismiss the First Amended Complaint Pursuant to Fed. R. Civ. P. 12 (Dkt. 45); (2) Defendant Big Picture Loan's Motion to Dismiss for Failure to Exhaust Tribal Remedies and Under the Doctrine of Forum Non Conveniens (Dkt. 43); and (3) Defendants Ascension Technologies and Big Picture Loans' Motion to Dismiss based on subject matter jurisdiction (Dkt. Nos. 39, 41). In support thereof, Plaintiffs state as follows:

    On April 24, 2019, the United States Court of Appeals for the Second Circuit issued its opinion in *Gingras v. Think Finance*, No. 16-2019. In its decision, the Second Circuit noted that although tribal immunity "is a shield," it is "not a sword." No. 16-2019, slip op. at 28. The Second Circuit concluded that "[t]ribes and their officers are not free to operate outside of Indian lands without conforming their conduct in these areas to federal and state law." *Id.* The Court observed that without the application of the doctrine of *Ex Parte Young* to tribal officials, "the state and its citizens would seemingly be without recourse" and "[t]ribes and their officials would be free, in conducting affairs outside of reserved lands, to violate state laws with impunity." *Id.* at 18. The

1

Court also stated that "[a]n *Ex parte Young*-type suit protects a state's important interest in enforcing its own laws and the federal government's strong interest in providing a neutral forum for the peaceful resolution of disputes between domestic sovereigns, and it fairly holds Indian tribes acting off-reservation to their obligation to comply with generally applicable state law." *Id.* at 19.

The Court also concluded that "[a]ttempts to disclaim application of federal and state law in an arbitral forum subject to exclusive tribal court review fare no better." *Id.* at 28. The Second Circuit observed that arbitration agreements that disclaim the application of state and federal laws are part of "transparent attempts to deploy tribal sovereignty to skirt state and federal consumer protection laws." *Id.* at 24. Relying in part on the Fourth Circuit's decision in *Hayes v. Delbert Servs. Corp.*, 811 F.3d 666 (4th Cir. 2016), the Court in *Gingras* concluded that the arbitration agreements were unenforceable because they "are designed to avoid federal and state consumer protection laws." *Id.*

The Second Circuit also ruled that the arbitration agreements substantively unconscionable under Vermont law because the arbitral forum for which they provide is illusory." *Id.* at 26. The Court reasoned, "Ultimately, the tribal court is directed to interpret its own law—alleged to be completely one-sided in favor of the tribe—which effectively insulates the tribe from any adverse award and leaves prospective litigants without a fair chance of prevailing in arbitration." *Id.* The Court further noted that "allegations of a corruption in tribal government" further "add[ed] to the unconscionability of arbitrating under" the terms provided. *Id.*

Plaintiffs seek leave to file the supplemental authority in order to provide the Court with the *Gingras* decision, which is relevant to (1) Defendant Matt Martorello's Motion to Dismiss the First Amended Complaint Pursuant to Fed. R. Civ. P. 12 (Dkt. 45); Defendant Big Picture Loan's

Motion to Dismiss for Failure to Exhaust Tribal Remedies and Under the Doctrine of Forum Non Conveniens (Dkt. 43); and (3) Defendants Ascension Technologies and Big Picture Loans' Motion to Dismiss based on subject matter jurisdiction (Dkt. Nos. 37, 39). More specifically, the *Gingras* decision is relevant to Martorello's argument that tribal law—not state law—applies to the loan agreements and requires dismissal of the case. *See* Martorello's Mem. Supp. Mot. Dismiss, Dkt. 46 at 16-21. The decision is also relevant to Big Picture's motion to dismiss for failure to exhaust tribal remedies, which seeks to enforce a similar dispute resolution procedure that "effectively insulates the tribe from any adverse award and leaves prospective litigants without a fair chance of prevailing in arbitration." *Gingras*, No. 16-2019, slip op. at 26. And finally, it is relevant to the motion to dismiss based on sovereign immunity, including the Second Circuit's observation that tribal immunity "is a shield," it is "not a sword," and that "[t]ribes and their officers are not free to operate outside of Indian lands without conforming their conduct in these areas to federal and state law." *Id.* at 28.

Because *Gingras* was unavailable at the time Plaintiffs submitted their briefing on these motions, good cause exists for leave to file this motion. *See Dennis v. Wells Fargo Bank, N.A.*, Case No. 2:11-cv-401 (MSD) (E.D. Va. Oct. 24, 2011) (Dkt. No. 29 (granting leave to file supplemental authority in the form of a court's hearing transcript that was not available at the time plaintiff's response was due); *Tucker v. U.S. Bank, N.A.*, Case No. 4:12-cv-69 (AWA) (E.D. Va. Nov. 28, 2012) (Dkt. No. 22) (granting leave to file supplemental authority by the author of treatise relied on by the defendant); *Green v. Prudential Life Ins. Co.*, Case No. 3:12-cv-882 (JAG) (E.D. Va. Mar. 11, 2013) (Dkt. No. 35); *Clark v. Trans Union*, Case No. 3:15-cv-00391 (MHL) (E.D. Va.) (Dkt. 64).

Accordingly, Plaintiffs respectfully move the Court for leave to file the attached supplemental authority.

                Respectfully submitted,
                **PLAINTIFFS**

                By: */s/ Kristi C. Kelly*
                Kristi C. Kelly, Esq., VSB #72791
                Andrew J. Guzzo, Esq., VSB #82170
                Casey S. Nash, VSB #84261
                KELLY GUZZO, PLC
                3925 Chain Bridge Road, Suite 202
                Fairfax, VA 22030
                (703) 424-7572
                (703) 591-0167 Facsimile
                Email: kkelly@kellyguzzo.com
                Email: aguzzo@kellyguzzo.com
                Email: casey@kellyguzzo.com
                *Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 25th day of April 2019, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system which will send a notification of such filing (NEF) to all counsel of record.

                                                       _____/s/_____
Kristi Cahoon Kelly (VSB# 72791)
KELLY GUZZO, PLC
3925 Chain Bridge Rd, Suite 202
Fairfax, VA 22030
(703) 424-7572 – Telephone
(703) 591-0167 – Facsimile
Email: kkelly@kellyguzzo.com
*Counsel for Plaintiffs*