**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

RENEE GALLOWAY, DIANNE TURNER, DOMINIQUE DE LA BAY, ANDREA SCARBOROUGH, EARL BROWNE, ROSE MARIE BUCHERT, REGINA NOLTE, KEVIN MINOR, TERESA TITUS, BURRY POUGH, LISA MARTINEZ, SONJI GRANDY, ANASTASIA SHERMAN, JERRY AVENT, LUCINDA GRAY, ANTHONY GREEN, and LINDA MADISON as individuals and as representatives of the classes,

Plaintiffs,

v.

BIG PICTURE LOANS, LLC; MATT MARTORELLO; and ASCENSION TECHNOLOGIES, INC.,

Defendants.

Case No. 3:18-cv-00406-REP

**JURY TRIAL DEMANDED**

**PLAINTIFFS' REPLY MEMORANDUM TO CORPORATE DEFENDANTS' RESPONSE RELATED TO ECF NO. 197 REGARDING SEALED EXHIBITS**

Plaintiffs respectfully request that the Court unseal four Exhibits to their Proposed Second Amended Complaint they submitted under seal. These Exhibits include:

- **Exhibit 4 (Dkt. 186-5)**: Email correspondence scheduling a meeting with the CFPB and speculating about the CFPB's position with respect to various tribal payday lending structures;

- **Exhibit 10 (Dkt. 186-11)**: Ascension Technologies, LLC's Delegation of Authority Policy (Delegation Policy);
- **Exhibit 11 (Dkt. 186-12)**: The Intratribal Servicing Agreement between Big Picture Loans, LLC and Ascension Technologies (Servicing Agreement); and
- **Exhibit 15 (Dkt. 186-16)**: The Promissory Note between Red Rock Tribal Lending, LLC and Amlaur Resources LLC (Promissory Note).

Plaintiffs submitted these documents under seal because the Corporate Defendants labeled them as Confidential and Plaintiffs accordingly were required to file them under seal pursuant to the Stipulated Protective Order governing this case.

The Corporate Defendants do not contest the unsealing of the Delegation Policy and the Servicing Agreement. However, they maintain that the email correspondence and the Promissory Note should remain under seal. Plaintiffs disagree. For the following reasons, there is no good cause — let alone a "compelling reason" — to keep the documents under seal.

**ARGUMENT**

The First Amendment and common law grant a qualified right of public access to judicial proceedings, including the records of all proceedings. *Globe Newspaper Co. v. Superior Ct.*, 457 U.S. 596, 606-07 (1982); *Nixon v. Warner Comm'ns Inc.*, 435 U.S. 589, 597 (1978). Non-discovery motions are presumed to be records of judicial proceedings to which the right of access attaches unless there is a compelling confidentiality interest. *Id.* If the interest in preserving confidentiality is compelling, the remedy must be narrowly tailored. The judicial officer may deny access when sealing is "essential to preserve higher values and is narrowly tailored to serve that interest." *Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 65-66 (4th Cir. 1989).

One exception to the public's right of access is where such access to judicial records could provide a "source[ ] of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 498. Documents also may be kept under seal where access would disclose trade secrets. *Woven Elecs. Corp. v. Advance Grp., Inc.*, 930 F.2d 913 (4th Cir. 1991). However, even in such cases, requests to seal must be accompanied by specific facts so that the court may make "specific findings" as to the why the material should be sealed. *Stone v. Univ. of Maryland Med Sys. Corp.*, 855 F.2d 178, 182 (4th Cir. 1988) (reversing district court's decision to seal the record where district court failed to make specific findings "of its reasons for sealing any records or documents"). *See also TriQuint Semiconductor, Inc. v. Avago Tech. Ltd.*, No. CV 09-1531-PHX-JAT, 2011 WL 4947343, at *3 (D. Ariz. Oct. 18, 2011) (holding generic assertion that information is confidential insufficient to justify sealing). The Corporate Defendants fail to satisfy their burden to show why a compelling interest exists to keep sealed.

**Email regarding CFPB meeting and position (Dkt. 186-5)**. The Corporate Defendants do not explain why a "compelling confidentiality interest" requires keeping this document under seal. *See* Dkt. 208 at 3. This alone is fatal to their request because it does not allow this Court to make "specific findings" justifying sealing. *Stone*, 855 F.2d at 182. Instead, the Corporate Defendants say that the Court allowed them to file the document in redacted form before and suggest that the Court should remain "consistent" by allowing the document to be filed in redacted form again. *See id*.[1] But this Court has indicated that it intends to reconsider its previous rulings on sealing. *See* Dkt. 201 at 1-2. And the reasons the Corporate Defendants originally gave to justify their extensive proposed redactions are meritless.

[1] The Corporate Defendants say that the document previously was filed at ECF No. 83-7. This appears to be a typographical error. The document actually was filed previously at ECF No. 83-6.

First, the Corporate Defendants originally argued that only the "quote that Plaintiffs cite" and some "surrounding context" should be filed in open court. *See* Dkt. 91-5. But a party "should not take it upon him, her or itself to decide unilaterally what context is necessary for the non-redacted part disclosed, and what might be useless to the case." *David v. Alphin*, No. 07-11, 2010 WL 1404722, at *7 (W.D.N.C. Mar. 30, 2010). The party seeking to protect redacted information bears the burden to demonstrate how the information redacted is not relevant or "that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Scranton Prods., Inc. v. Bobrick Washroom Equip., Inc.*, 190 F. Supp. 3d 419, 436 (M.D. Pa. 2016). The circumstances of this case highlight the problems with such redactions. Here, it has become clear as discovery has progressed that what the Corporate Defendants originally characterized as "extraneous" is highly relevant to the litigation—so relevant that Plaintiffs have requested to file a Second Amended Complaint that describes in detail information that the Corporate Defendants originally redacted as "extraneous." *See* Dkt. 186-1 ([Proposed] SAC ¶¶ 174, 175). Because the information in the email is highly relevant to this matter, it should be filed without redaction in open court.

Second, the Corporate Defendants originally asserted that the names of "innocent third parties" should be redacted. This is also wrong. Defendants fail to identify any personal identifying information other than emails and redacting those can be accomplished without blacking out huge swaths of text.

**The Promissory Note (Dkt. 186-16)**. The Corporate Defendants' position with respect to the Promissory Note is even weaker. The Corporate Defendants do not contend that the Promissory Note contains trade secrets or that its disclosure would put them at a competitive disadvantage. This alone is fatal to their request because it does not allow this Court to make

"specific findings" justifying sealing. *Stone*, 855 F.2d at 182. Nor do the Corporate Defendants provide any other reason why the document is at all confidential. Instead, the Corporate Defendants contend that the document should remain under seal because the Promissory Note is "superfluous and unnecessary" to the allegations in the Second Amended Complaint. Dkt. 208 at 4. But this is not a reason to file a document under seal nor is it true. The Promissory Note provides specific evidence that Martorello and his various business affiliates continued to fund and retain a substantial interest in the unlawful lending enterprise following the "sale" of Red Rock. The document should be filed in open court.

**CONCLUSION**

In short, Defendants have failed to show a compelling reason to keep these documents under seal. Accordingly, Plaintiffs respectfully request that they be permitted to file Exhibits 4, 10, 11, and 15 to their proposed Second Amended Complaint in open court.

RESPECTFULLY SUBMITTED AND DATED this 29th day of April, 2019.

CONSUMER LITIGATION ASSOCIATES, P.C.

By: /s/ Leonard A. Bennett, VSB #37523

Leonard A. Bennett, VSB #37523
Email: lenbennett@clalegal.com
Elizabeth W. Hanes, VSB #75574
Email: elizabeth@clalegal.com
Craig C. Marchiando, VSB #89736
Email: craig@clalegal.com
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662

Kristi C. Kelly, VSB #72791
Email: kkelly@kellyguzzo.com
Andrew J. Guzzo, VSB #82170
Email: aguzzo@kellyguzzo.com
Casey S. Nash, VSB #84261
Email: casey@kellyguzzo.com
KELLY GUZZO, PLC
3925 Chain Bridge Road, Suite 202
Fairfax, Virginia 22030
Telephone: (703) 424-7572
Facsimile: (703) 591-0167

E. Michelle Drake, *Admitted Pro Hac Vice*
Email: emdrake@bm.net
John G. Albanese, *Admitted Pro Hac Vice*
Email: jalbanese@bm.net
BERGER & MONTAGUE, P.C.
43 SE Main Street, Suite 505
Minneapolis, Minnesota 55414
Telephone: (612) 594-5999
Facsimile: (612) 584-4470

Beth E. Terrell, *Admitted Pro Hac Vice*
Email: bterrell@terrellmarshall.com
Jennifer Rust Murray, *Admitted Pro Hac Vice*
Email: jmurray@terrellmarshall.com
Elizabeth A. Adams, *Admitted Pro Hac Vice*
Email: eadams@terrellmarshall.com
TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

Matthew Wessler, *Admitted Pro Hac Vice*
Email: matt@guptawessler.com
GUPTA WESSLER PLLC
1735 20th Street, NW
Washington, DC 20009
Telephone: (202) 888-1741
Facsimile: (202) 888-7792

*Attorneys for Plaintiffs and Proposed Classes*

CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

DATED this 29th day of April, 2019.

CONSUMER LITIGATION ASSOCIATES, P.C.

By: /s/ Leonard A. Bennett, VSB #37523

Leonard A. Bennett, VSB #37523
Email: lenbennett@clalegal.com
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662

*Attorneys for Plaintiffs and Proposed Classes*