IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

RENEE GALLOWAY, et al.,

    Plaintiffs,

v.                            Civil Action No. 3:18-cv-406

BIG PICTURE LOANS, LLC,
et al.,

    Defendants.

## MEMORANDUM ORDER

This matter is before the Court on DEFENDANT ASCENSION TECHNOLOGIES, LLC'S MOTION TO DISMISS FOR LACK OF JURISDICTION (ECF No. 37) and DEFENDANT BIG PICTURE LOANS, LLC'S MOTION TO DISMISS FOR LACK OF JURISDICTION UNDER FED. R. CIV. P. 12(b)(1) (ECF No. 39), the supporting, opposing and reply memoranda. In their motions, Big Picture Loans, LLC ("Big Picture") and Ascension Technologies, LLC ("Ascension") (collectively, the "Corporate Defendants") claim to have sovereign immunity from suit by virtue of the Lac Vieux Desert Band of Lake Superior Chippewa Indians (the "Tribe").

These motions were scheduled for hearing after jurisdictional discovery. In their opposition briefs, the plaintiffs advised that additional jurisdictional discovery was not necessary for the Court to be able to decide the motions to dismiss based on

assertions of sovereign immunity by Big Picture and Ascension. While the jurisdictional motions filed by Big Picture and Ascension were pending, the plaintiffs have continued to conduct discovery about other aspects of this case and of the related case of Williams v. Big Picture Loans, LLC, 3:17-cv-461, (the "Williams Case"), as they relate to Defendant Matt Martorello ("Martorello") by obtaining information from Martorello (as to whom this case and the Williams Case continues while the appeal of Big Picture and Ascension in the Williams Case is pending). Additionally, the plaintiffs have conducted discovery of third persons, including Rosette, LLP, which represented the Tribe in transactions. The validity of these transactions is important to decide the claims of sovereign immunity by Big Picture and Ascension.

On May 20, 2019, two days before the scheduled hearing on the jurisdictional motions, the plaintiffs filed PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL EVIDENCE IN SUPPORT OF OPPOSITIONS TO MOTIONS TO DISMISS (ECF No. 232) and a supporting memorandum (ECF Nos. 233 (redacted) and 236 (sealed)). Therein, the plaintiffs argued that, in the discovery from Martorello and third-parties (including Rosette, LLP), they have uncovered considerable evidence from Martorello and the third parties that has substantial probative value on matters that are important to resolution of the sovereign immunity issues presented by the pending motions to

dismiss, including: (a) the purpose and the intent that motivated the creation of the Corporate Defendants; (b) the conduct of the lending activities at issue in this case; (c) the corporate restructuring that led to the creation of the Corporate Defendants, including the sale and merger transactions that were part of that restructuring; and (d) the intent in effectuating that restructuring.

As the plaintiffs contend, the documents attached as exhibits to the MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL EVIDENCE (ECF Nos. 233 (redacted) and 236 (sealed)) present evidence that raises substantive doubts about the accuracy of evidence presented in this case and the <u>Williams</u> Case by the Corporate Defendants and Martorello about: (1) the genesis of the tribal lending arrangements; (2) the creation and structure of the Corporate Defendants, including the sale and merger transactions that were involved in the corporate restructuring; (3) the role of Rosette, LLP and its leader, Rob Rosette, in the sale and merger transactions involved in the corporate restructure; and (4) the value (or lack of value) of the key asset (Bellicose Capital, LLC) involved in the corporate restructuring. Thus, as the plaintiffs contend, there is significant new and important evidence that will be critical to deciding whether Big Picture and Ascension enjoy sovereign

immunity.

Additionally, counsel for the plaintiffs have represented that, within the last few days, they have been provided additional discovery from Martorello and Rosette, LLP in response to document requests that were designed to obtain factual information on all the issues outlined above that are important in deciding the question of sovereign immunity. Counsel for plaintiffs explained that it will be necessary to have time to analyze those recently produced documents in order to determine the extent to which all, or some, of the documents must be offered as evidence in the resolution of the motions to dismiss filed by Big Picture and Ascension.

Further, counsel for the plaintiffs identified two other issues that are ripe for resolution, which, in the plaintiffs' view, are reasonably calculated to provide information relevant to the same topics. Those issues are presented in filings made in Williams v. Big Picture Loan, LLC, Misc. Nos. 3:19-mc-1 and 3:19-mc-2, and in the discovery in the Williams Case of electronically stored information ("ESI") as outlined in the JOINT STATUS REPORT REGARDING ESI PROTOCOL (ECF No. 451) and further briefing of the parties respecting the ESI protocol (ECF Nos. 489, 503, and 504).[1]

---

[1] The issues involving ESI are decided in a separate opinion.

Because of these developments, the plaintiffs assert that it is now necessary to have further jurisdictional discovery[2] and to file replacement briefs in opposition to both motions to dismiss for lack of subject matter jurisdiction (ECF No. 37 and 39) so that there is an accurate record on the sovereign immunity issue. They propose to file the replacement briefs thirty (30) days after production of any documents that are required to be produced as a result of decisions on these issues of discovery in the miscellaneous cases and the ESI issue. The Corporate Defendants then requested that they be permitted to file replacement replies thirty (30) days thereafter.[3]

Further, in the plaintiffs' MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL EVIDENCE (ECF Nos. 233 (redacted) and 236 (sealed)), the plaintiffs asserted that the documents submitted with that motion (as well as other documents) "demonstrate that Big Picture and Ascension Technologies have made material representations to the Court

---

[2] For example, the plaintiffs have shown that the very recently produced (but not yet analyzed) documents from Martorello and Rosette, LLP appear to contain important information. And, it seems clear that documents that will be produced in the miscellaneous cases likewise can yield important information.

[3] The defendants indicated that they might ask for additional time to file a reply depending upon the volume of information filed along with the plaintiffs' replacement briefs.

regarding their [Big Picture's and Ascension's] method of creation, purpose and intent that motivated the creation of the tribal lending enterprise at issue in this case." Id. at 2. Those are most serious allegations that implicate decisions made, and to be made, in this Court and to be made by the United States Court of Appeals for the Fourth Circuit in the Williams Case.

The Court will require the plaintiffs to file a Statement of Position to identify precisely what material misrepresentations were made, by whom they were made, and in what papers or arguments they were made. And, of course, Big Picture and Ascension have the right to respond to that filing. That too will require time.

Accordingly, the Court determined that it was in the interest of justice and fairness to both sides to allow the plaintiffs to file replacements of their response (ECF No. 72) to the motions to dismiss (ECF Nos. 37 and 39); thus, it is hereby ORDERED that, for good cause shown and in the interest of justice, the plaintiffs are granted leave to file replacement responses[4] to DEFENDANT ASCENSION TECHNOLOGIES, LLC'S MOTION TO DISMISS FOR LACK OF JURISDICTION (ECF No. 37) and DEFENDANT BIG PICTURE LOANS, LLC'S MOTION TO DISMISS FOR LACK OF JURISDICTION UNDER FED. R. CIV. P. 12(b)(1) (ECF No. 39) and that the defendants, Ascension and Big

---

[4] Plaintiffs shall file separate responses for each motion to which they respond.

6

Picture, respectively, are granted leave to file replacement reply memoranda replacing BIG PICTURE LOANS, LLC'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF JURISDICITON UNDER FED. R. CIV. P. 12(b)(1) (ECF No. 87) and ASCENSION TECHNOLOGIES, LLC'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF JURISDICTION UNDER FED. R. CIV. P. 12(b)(1) (ECF No. 88).

In perspective of the developments recited above, it is hereby ORDERED that PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL EVIDENCE IN SUPPORT OF OPPOSITIONS TO MOTIONS TO DISMISS (ECF No. 232) is denied as moot.

It is further ORDERED that:

(1) By June 28, 2019, the plaintiffs shall file separate replacement briefs for the previously filed consolidated PLAINTIFFS' RESPONSE TO MOTION OF DEFENDANTS BIG PICTURE LOANS, LLC AND ASCENSION TECHNOLOGIES, LLC MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION (ECF No. 72) and that each replacement brief shall not exceed fifty (50) pages; and

(2) By June 28, 2019, the plaintiffs shall file a Statement of Position, not to exceed thirty (30) pages, setting out each material misrepresentation referred to on page 2 of their MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL EVIDENCE (ECF No. 236), identifying who made the

alleged   misrepresentation   and   when   and   where   each misrepresentation was made; and

(3)  By July 23, 2019, the defendants, Big Picture and Ascension, shall file their replies, not to exceed fifty (50) pages to the responses filed pursuant to paragraph (1) above and their response Statements of Position, not to exceed thirty (30) pages, in response to plaintiffs' position filed in paragraph (2) above; and

(4)  By August 1, 2019, the plaintiffs shall file their sur-replies, not to exceed twenty (20) pages, and their reply Statements of Position, not to exceed fifteen (15) pages, to the filings made by the defendants pursuant to paragraph (3) above.

It is so ORDERED.

_____ /s/   REP   _____
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: May 29, 2019

8