IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division


LULA WILLIAMS, et al.,

    Plaintiffs,

v.                          Civil Action No. 3:17cv461

BIG PICTURE LOANS, LLC,
et al.,

    Defendants.



RENEE GALLOWAY, et al.,

v.                          Civil Action No. 3:18cv406

BIG PICTURE LOANS, LLC,
et al.,

    Defendants.


**MEMORANDUM OPINION**

    This matter is before the Court on DEFENDANT MATT MARTORELLO'S MOTION FOR ORDER CERTIFYING NOVEMBER 18, 2020 MEMORANDUM OPINION FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b) (the "Motion"), ECF No. 946 in Williams, et al v. Big Picture Loans, LLC, et al., 3:17cv461 ("Williams") and ECF No. 582 in Galloway, et al v. Big Picture Loans, LLC, et al., 3:18cv406 ("Galloway I"). Having considered the Motion, the supporting, opposing and reply

memoranda, the Motion (ECF No. 946 in Williams and ECF No. 582 in Galloway) will be denied.

### BACKGROUND

In Williams, Galloway I and Renee Galloway, et al. v. Martorello, et al., 3:19cv314 (E.D. Va.) ("Galloway II"), the Plaintiffs filed three similar, but in some respects substantively quite different, actions arising out of a so-called "Rent A Tribe" scheme allegedly orchestrated by Matt Martorello ("Martorello"), members of his family, companies that he controls, and investors who allegedly funded the scheme (the "Martorello Defendants"). Big Picture Loans, LLC ("Big Picture") and Ascension Technologies, Inc. ("Ascension") (collectively sometimes referred to as the "Tribal Defendants") are entities formed under the tribal laws of the Lac View Band of Lake Superior Chippewa Indians ("LVD"). Big Picture and Ascension are also named defendants in Williams and Galloway I, and both entities are alleged to be implicated in the Rent A Tribe scheme that lies at the core of the Plaintiffs' claims in those cases.

In Williams, Big Picture and Ascension claimed to share LVD's sovereign immunity and, on that basis, those entities sought dismissal of the case against them.   The Court rejected that

2

argument.[1]  On appeal, the United States Circuit Court of Appeals for the Fourth Circuit[2] held that Big Picture and Ascension were entitled to the protection of LVD's sovereign immunity.[3]

Following the decision of the Fourth Circuit in Williams, the Court directed that the parties file Statements of Position explaining, how, if at all, the decision of the Fourth Circuit affected these proceedings and pending motions (ECF Nos. 599 and 601).[4]  In his Statement of Position, Martorello argued that the holding that Big Picture and Ascension are protected from suit by LVD's sovereign immunity has substantive and procedural consequences that necessitate dismissal of the case against them. MARTORELLO'S STATEMENT OF POSITION PURSUANT TO ECF NOS. 599 & 601

---

[1] Williams v. Big Picture Loans, LLC, 329 F.Supp.3d 248 (E.D. Va. 2018).

[2] Williams v. Big Picture Loans, LLC, 929 F.3d 170 (4th Cir. 2019). In so ruling, the Fourth Circuit made clear that its decision does not affect the merits of the Plaintiffs' claims.  Id. at 185.  It appears that the Fourth Circuit relied on this Court's findings of fact, finding no clear error in those findings.  Williams v. Big Picture Loans, LLC, 929 F.3d at 177.

[3] Those entities also claimed sovereign immunity in Galloway I. Big Picture, Ascension and many other defendants since have reached a class action settlement of Williams, Galloway I, and Galloway II that was filed in yet another case, Renee Galloway, et al. v. James Williams, Jr., et al., 3:19cv470 (E.D. Va.) ("Galloway III").  That settlement has been preliminary approved and a hearing on a motion for final approval is set for December 15, 2020.

[4] Although this ORDER was not entered in Galloway I, the parties have briefed that topic and the misrepresentations issues in that case in the same way as they briefed them in Williams.

(ECF No. 613).   In their response to MARTORELLO'S STATEMENT OF POSITION PURSUANT TO ECF NOS. 599 & 601, the Plaintiffs asserted, <u>inter alia</u>, that Martorello and others made material misrepresentations to this Court and to the Fourth Circuit about the facts pertaining to sovereign immunity and that, as a result, the Fourth Circuit's decision on that issue cannot be relied on by Martorello.   PLAINTIFFS' RESPONSE TO MATT MARTORELLO'S STATEMENT OF POSITION (ECF No. 624).[5]

At the urging of Martorello, the Court held a two-day evidentiary hearing and accepted post-hearing briefs.   That was done so that Martorello, in his words, "be provided a full and fair opportunity to respond [to plaintiffs' alleged misrepresentations] through an evidentiary hearing and briefing."[6]

After conducting the requested evidentiary hearing and reviewing the requested briefing, the Court issued a MEMORANDUM OPINION (<u>Williams</u>, ECF No. 944; <u>Galloway</u>, ECF. No 581).   Therein, the Court found that Martorello had made certain of the misrepresentations asserted by the plaintiffs.   The MEMORANDUM OPINION explained that, as a result of the evidentiary hearing,

---

[5] There are pending other motions in which the parties take the same positions.

[6] <u>Williams</u>, NOTICE OF MATT MARTORELLO REGARDING EVIDENTIARY HEARING (ECF No. 679 at 5); <u>Williams</u>, MATT MARTORELLO'S SUPPLEMENTAL BRIEF ADDRESSING THE EFFECT OF THE FOURTH CIRCUIT'S DECISION ON PLAINTIFFS' MOTION FOR CLASS CERTIFICATION (ECF No. 664 at 16-17); <u>Williams</u>, ORDER (ECF No. 697).

"in analyzing all pleadings and future motions in which Martorello argues that his position is supported by the Fourth Circuit's [sovereign immunity] decision, this Court will now be required to take into account the record about the misrepresentations and the findings about them that are made herein." MEMORANDUM OPINION (Williams, ECF No. 944 at 39; Galloway I, ECF. No 581 at 39).

Contrary to Martorello's brief, the MEMORANDUM OPINION did not expressly overrule its previous factual findings in Williams v. Big Picture Loans, LLC, 329 F. Supp.3d 248 (E.D. Va. 2018), which were affirmed, and relied on, by the Fourth Circuit in Williams v. Big Picture Loans, LLC, 929 F.3d 170 (4th Cir. 2019). What the Court did is say that, had it known the truth about representations proved at the evidentiary hearing, it could not have made certain of those factual findings.

## DISCUSSION

Martorello seeks an interlocutory appeal of the MEMORANDUM OPINION.[7] Martorello seeks an interlocutory appeal because:

> In reaching its findings, the Court stated
> that it considered allegedly conflicting
> evidence and assessed Martorello's
> credibility, thereby depriving Martorello his
> right to have a right to have a jury decide
> factual questions raised by the Plaintiffs'
> claims. This error merits appellate review

---

[7] It is appropriate to note that the Order followed the Memorandum Opinion (Williams, ECF No. 945) merely required counsel to set a schedule for the filing of briefs on an Amended Motion for Class Certification.

and issuance of an Order certifying its
determination for immediate appeal under 28
U.S.C. § 1292(b), which will materially
advance the termination of this case. In
addition, the Court expressly overruled its
previous factual findings in Williams v. Big
Picture Loans, LLC, 329 F. Supp.3d 248 (E.D.
Va. 2018), which were affirmed by the Fourth
Circuit in Williams v. Big Picture Loans, LLC,
929 F.3d 170 (4th Cir. 2019). In doing so,
the Court violated the mandate rule requiring
district courts to consider only issues
expressly remanded following appeal. In doing
so, the Court violated the mandate rule
requiring district courts to consider only
issues expressly remanded following appeal.

The fundamental premise for the reasons for seeking appeal ignore what actually happened. In sum, the plaintiffs asserted that Martorello had made misrepresentations of fact to the Court in securing certain legal rulings from the Court. Martorello vigorously asserted that he had not made misrepresentations and had demanded an evidentiary hearing, a request the Court granted. He also demanded full briefing on the misrepresentations issue after a transcript was prepared. The Court granted that request as well. As a result of the hearing, the Court determined, in fact, that Martorello had made certain misrepresentations of fact. The end result was that, in analyzing pending and future motions on a limited topic (whether Martorello's position in any particular motion is supported by the Fourth Circuit's decision), the Court will be required to take into account the record on the

6

misrepresentations and findings about them.  To date, nothing of the sort has happened.

Moreover, Martorello's brief illustrates the fundamental misunderstanding of what is required to secure an order permitting an interlocutory appeal.

Under 28 U.S.C. § 1292(b), a district court must certify that any order sought to be appealed:  (1) involves a controlling question of law; (2) as to which there is substantial ground for difference of opinion; and (3) that an immediate appeal from the order may materially advance the ultimate termination of litigation.  Those prerequisites are important because an interlocutory appeal under § 1292(b) is an exception to the general rule that appeals are to be had only after final judgment.  Accordingly, the appellate device created by § 1292(b) "should be used sparingly and its requirement must be strictly construed."  Difelice v. U.S. Airways, 404 F. Supp. 2d 907, 908-909 (E.D. Va. 2005).  As Difelice explained, the kind of question best suited for interlocutory review "is a narrow question of pure law whose resolution will be completely dispositive of the litigation, even as a legal or practical matter, whichever way it goes."  Difelice v. U.S. Airways, Inc., 404 F. Supp. 2d at 908-909.  Martorello's motion fails these tests.

To begin, Martorello's vaguely identified "controlling question of law" is not a controlling question of law.  Indeed,

Martorello actually seeks to appeal matters of fact, not a question of law.   Nor has Martorello shown any ground for substantial difference of opinion on any question that he asserts should be examined on interlocutory appeal; third, Martorello has not shown how an interlocutory appeal would materially advance the ultimate termination of the litigation and, to the contrary, an appeal of this stage would be slow the litigation further than it already has been slowed.

The closest that Martorello comes to specifying a question of law for review is in his assertion that the mandate rule was violated because the Court overruled previous factual findings on which the Court of Appeals relied.   That simply is not true.   What the Court did was find that, in the face of the evidence presented at the evidentiary hearing (that was requested by Martorello), it could not have been able to make findings that it had made.   Nothing was reversed.   Nothing was changed.

In sum, there is no reason to grant an interlocutory appeal in this case.

## CONCLUSION

For the reasons set forth above, DEFENDANT MATT MARTORELLO'S MOTION FOR ORDER CERTIFYING NOVEMBER 18, 2020 MEMORANDUM OPINION FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b),   ECF No. 946 in Williams, et al v. Big Picture Loans, LLC, et al., 3:17cv461

and ECF No. 582 in <u>Galloway, et al v. Big Picture Loans, LLC, et</u>
<u>al.</u>, 3:18cv406, will be denied.

It is so ORDERED.


_____ /s/    _REV_

Robert E. Payne
Senior United States District Judge


Richmond, Virginia
Date: May __18__, 2021

9